IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **RIAZ LIAQUATALI MOMIN,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | **CAUSE NO. EP-26-CV-54-KC** |
| § | |
| **PAM BONDI et al.,** § | |
| § | |
| Respondents. § | |

## SHOW CAUSE ORDER

On this day, the Court considered Riaz Liaquatali Momin's Petition for a Writ of Habeas Corpus, ECF No. 1. Momin is detained at the ERO El Paso Camp East Montana detention facility in El Paso, Texas. *Id.* ¶ 4. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 5, 35–60. He also asks that Respondents be prevented from moving him out of the District. *Id.* at 13.

Momin is a citizen of India who entered the United States in 2002. *Id.* ¶ 20. Immigration and Customs Enforcement ("ICE") apprehended Momin shortly after his entry. *Id.* In 2003, Momin was released from custody on bond. *Id.* Then, in December 2003, an Immigration Judge ("IJ") denied Momin's asylum application and entered a final order of removal. *Id.* ¶ 21. However, Momin was not removed because the Indian Consulate would not issue him travel documents. *Id.* ¶ 21. Thus, Momin was released. *Id.* ¶¶ 3–4. On October 2020, ICE detained Momin again, but released him under an Order of Supervision ("OSUP"). *Id.* ¶¶ 24–25. On June 11, 2025, Momin appeared for a routine check in with ICE and he was detained. *Id.* ¶¶ 3–4, 26.

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).  Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entailed thereto."  The statute also provides that a response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline.  28 U.S.C. § 2243.

Generally, when a noncitizen is ordered removed from the United States, removal should occur within ninety days.  8 U.S.C. § 1231(a)(1)(A).  That removal period ordinarily begins when the noncitizen is subject to a final order of removal.  *See id.* § 1231(a)(1)(B).  During this removal period, "the Attorney General shall detain the alien."  *Id.* § 1231(a)(2)(A).  The removal period may be extended in at least three circumstances.  Relevant here, a noncitizen may be detained beyond the removal period if he is "(1) inadmissible, (2) removable as a result of violations of status requirements, entry conditions, or the criminal law, or for national security or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order."  *Johnson v. Guzman Chaves*, 594 U.S. 523, 528–29 (2021) (citing 8 U.S.C. § 1231(a)(6)).

If any of these grounds apply, the statute imposes no limit on the time a person may be detained.  Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem" the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal.  *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001).  This period is presumptively six months.  *Id.* at 701.  After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the

reasonably foreseeable future," the Government must rebut this showing or release the noncitizen. *Id.*

Momin alleges that he has been detained by ICE since June 2025, and that efforts to remove Momin in the past twenty-three years have been unsuccessful. Pet ¶¶ 3–4. If these allegations are true, Momin likely meets his burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 689–90. Thus, Respondents must rebut this showing by either demonstrating that Momin's removal is likely in the reasonably foreseeable future or deporting him.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by <u>**no later than January 22, 2026**</u>, why the application for a writ of habeas corpus should not be granted and specify:

(1) What concrete steps have been taken to effectuate Momin's removal,

(2) What obstacles exist to effectuating Momin's removal, such as issuance of travel documents,

(3) What concrete steps have been taken to address the existing obstacles, and

(4) The anticipated timeline for Momin's removal from the United States.

The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED**, under the Court's inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** transfer Momin to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed, unless Momin is lawfully removed from the United States.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel.  See Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 15th day of January, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE